**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 16 2026 ★
LONG ISLAND OFFICE

ISAAC KEON BROWN,
Plaintiff,

-against-

COUNTY OF NASSAU,

CV 26 6669

...O, in his individual capacity,
GAUDINO, in his individual capacity,
Defendants.

CHOUDHURY, J.

Civil Action No. ______________
JURY TRIAL DEMANDED

RECEIVED
OCT 16 2026
EDNY PRO SE OFFICE

LINDSAY, M.J.

## COMPLAINT

Plaintiff Isaac Keon Brown, proceeding pro se, alleges:

## NATURE OF THE ACTION

1. This is an action for false arrest, failure to intervene, and malicious prosecution under 42 U.S.C. § 1983, and for malicious prosecution under New York law. On November 1, 2024, Nassau County police officers handcuffed and arrested Plaintiff at his workplace without probable cause. He was jailed about a week and acquitted of all charges on December 5, 2025.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Nassau County.

3. A prior action, No. 2:26-cv-00129 (E.D.N.Y.), was dismissed without prejudice after the Court denied Plaintiff's application to proceed in forma pauperis.

## PARTIES

4. Plaintiff is a Professional Licensed Massage Therapist and resides in Baldwin, New York.

REC'D IN PRO SE OFFICE
OCT 16 '26 PM 1:59

5. Defendant County of Nassau is a municipal corporation. It is sued only on the state-law claim.

6. Defendants Girard and Gaudino are Nassau County police officers. They are sued in their individual capacities and acted under color of state law.

## NOTICE OF CLAIM

7. Plaintiff served a notice of claim, No. 26T107095, dated January 20, 2026 and received by the County on January 27, 2026. The County held a hearing under General Municipal Law § 50-h on August 13, 2026. More than 30 days have passed without adjustment of the claim.

## FACTS

8. On November 1, 2024, at about 4:00 p.m., Plaintiff was working as a Professional Licensed Massage Therapist at STOA Wellness, 7 Northern Boulevard, Greenvale, New York. He left. About ten to fifteen minutes later his employer called him back.

9. When Plaintiff returned, officers were already there. Before handcuffing Plaintiff, Girard spoke with Andrew, the employer. Defendant Girard then handcuffed Plaintiff. Plaintiff was not free to leave.

10. Girard told Plaintiff that a client, C.P., had reported that her breast was touched. Plaintiff had just treated her. She had made no complaint to him, tipped him $10, and booked another appointment. Girard did not ask Plaintiff whether the complainant had complained to Plaintiff, tipped him, or booked another appointment. He made the arrest based solely on her report.

11. Plaintiff stayed in handcuffs for about thirty to forty minutes while Girard questioned him. Plaintiff asked if he was under arrest. Girard did not say so. Plaintiff asked if he would be read his rights. Girard said yes. No one read them. Plaintiff was then taken to the Sixth Precinct still in handcuffs and was formally charged.

12. On information and belief, Girard testified under oath at Plaintiff's criminal trial that no investigation was conducted before the arrest.

13. Girard signed the criminal complaint charging Plaintiff under Penal Law §§ 130.52(1) and 130.55 (Nassau District Court, Docket CR-021038-24NA). Plaintiff had no criminal record. Although the charges were misdemeanors, he was denied a desk appearance ticket. He was arraigned on November 2, 2024, and held in Nassau County jail about a week.

14. On December 5, 2025, Plaintiff was acquitted of both charges. A Certificate of Disposition dated December 9, 2025 records the acquittals.

15. Plaintiff suffered loss of liberty, humiliation and reputational harm from being handcuffed in public view of clients at his workplace, emotional distress, lost income, and the cost of defending the criminal case.

**COUNT I — FALSE ARREST (42 U.S.C. § 1983, Fourth Amendment)**

(Girard)

16. Girard arrested and seized Plaintiff, and held him in handcuffs, without probable cause. Plaintiff did not consent, and the arrest was not privileged. Girard made the arrest based solely on the complainant's report without asking whether she had complained to Plaintiff, tipped him, or booked another appointment, and without any other investigation. This violated the Fourth Amendment.

**COUNT II — FAILURE TO INTERVENE (42 U.S.C. § 1983, Fourth Amendment)**

(Gaudino)

17. Gaudino was present and knew Plaintiff was held without probable cause, had a realistic opportunity to stop it, and did not. This violated the Fourth Amendment.

**COUNT III — MALICIOUS PROSECUTION (42 U.S.C. § 1983, Fourth Amendment)**

(Girard)

18. Girard started the criminal prosecution by signing the complaint. He lacked probable cause and acted with malice, knowing or recklessly disregarding that the facts did not support the charges. Plaintiff was seized after arraignment, jailed about a week, and had to defend the case. The prosecution ended in his favor on December 5, 2025. This violated the Fourth

Amendment.

**COUNT IV — MALICIOUS PROSECUTION (New York law)**

(County of Nassau)

19. The facts in Count III are realleged. Girard acted within the scope of his employment as a County police officer. The County is liable for his malicious prosecution of Plaintiff under respondeat superior.

**PRAYER FOR RELIEF**

Plaintiff requests judgment on each count for compensatory damages in an amount to be determined at trial, including lost income and defense costs; punitive damages against Girard and Gaudino; costs; and other just relief.

**JURY DEMAND**

Plaintiff demands a jury trial on all claims so triable.

Dated: Baldwin, New York

October 16th, 2026

Isaac Brown

Isaac Keon Brown, Plaintiff, pro se

542 Lenox Road, Baldwin, New York 11510

isaacbrown87@gmail.com

**VERIFICATION**

I, Isaac Keon Brown, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read this complaint and that its facts are true to my own knowledge, except those stated on information and belief, which I believe to be true. Executed on October 16th, 2026, at Baldwin, New York.

Isaac Keon Brown

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 16 2026 ★
LONG ISLAND OFFICE

# Civil Cover Sheet (JS-44) — One-Page Guide for Your Case

## Eastern District of New York

The Civil Cover Sheet is a one-page form the Clerk uses to open your case. It does not change your complaint. File it with your signed complaint.

CV 26 6670

### What to put for YOUR case

| Section | What to put |
|---|---|
| Plaintiff | Isaac Keon Brown |
| Defendants | County of Nassau; Girard (individual capacity); Gaudino (individual capacity) |
| County of Residence | Nassau |
| Attorneys | Pro Se — 542 Lenox Road, Baldwin, NY 11510 — isaacbrown87@gmail.com |
| Basis of Jurisdiction | Check box 3 — Federal Question |
| Citizenship | Leave blank |
| Nature of Suit | Check 440 — Other Civil Rights |
| Origin | Original Proceeding |
| Cause of Action | 42 U.S.C. § 1983 — False arrest, failure to intervene, and malicious prosecution |
| Demand | To be determined at trial (or leave blank) |
| Jury Demand | Yes |
| Related case | Note prior case 2:26-cv-00129 if asked |

### When you file in person (Central Islip preferred)

- Bring the completed Civil Cover Sheet + signed original complaint.
- Bring $405 filing fee or completed IFP application.
- Bring a copy of everything for yourself and ask them to stamp it "received."
- Pro Se Office staff can confirm the checkmarks but will not fill the form for you.

Get the blank form from the EDNY website or the Pro Se Office. — October 2026

RECEIVED
OCT 16 2026
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
OCT 16 '26 PM2:00

Isaac Brown

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. OCT 16 2026 ★ LONG ISLAND OFFICE

Revised 7.16.2026; Effective 7.16.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Isaac K. Brown

**(b)** County of Residence of First Listed Plaintiff: NASSAU County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro SE

**DEFENDANTS** County Of NASSAU, officer Girard (individual capacity), LT GAUDINO

County of Residence of First Listed Defendant: NASSau county
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED OCT 16 2026 EDNY PRO SE OFFICE

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C 1983 - False arrest, failure to intervene & malicious Prosecution

Brief description of cause: malicious Prosecution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 5 million or to Be Determined at trial

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER 2:26-CV-00129

REC'D IN PRO SE OFFICE OCT 16 '26 PM2:01

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part F on Page 2

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, ______________________________, counsel for____________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you **must select Office Code 2**.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☐
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? ☐
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. ☐

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? ☐ If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? ☐

2. Does this case require immediate attention of a judge? ☐

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Check Form to Validate Before Signing

I certify the accuracy of all information provided above.

Signature: ______________________________ Date:______________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**Page One Instructions**

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Page Two Instructions**

A. Certification of Arbitration Eligibility: Indicate whether the case is eligible for arbitration under Local Civil Rule 83.7. If you answer No, please check at least one of the reasons that the case is not eligible.
B. Disclosure Statement - Federal Rules of Civil Procedure 7.1: If additional space is needed, please add the parties on an additional page.
C. Related Case Statement: If additional space is needed, please add the parties on an additional page.
D. Division of Business Rule 1(d)(3): Your answers in this section will determine whether your case will be designated as a Central Islip or Brooklyn case. Failure to complete this section may result in a delay assigning your case to a judge. Anwer all four (4) questions in this part, including 3(a), 3(b), and 3(c).
E. Bar Admission: Answer both questions.
F. Immigration Habeas: Answer both questions.

**Click "Check Form to Validate Before Signing." If any required fields have not been completed, please do so before signing.**

**Date and Attorney Signature.** Date and sign the civil cover sheet.